IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **GREGORY STEVENSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-01337** |
| | ) | **Judge Trauger** |
| **DAVIDSON COUNTY SHERIFF'S OFFICE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Gregory Stevenson, an inmate in the custody of the Davidson County Sheriff's Office (DCSO), filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), which he amended on November 25, 2025. (Doc. No. 6, "Amended Complaint.") The plaintiff also filed a series of applications for leave to proceed in forma pauperis (IFP) (Doc. Nos. 5, 7, 9), all of which were denied for noncompliance with statutory requirements. In a letter received in the Clerk's Office on July 16, 2026 (Doc. No. 12), the plaintiff explained his efforts to obtain the paperwork necessary to file a compliant IFP application. Then, on September 22, 2026, he filed an application (Doc. No. 13) which, in combination with his explanatory letter and his most recent previous application (Doc. No. 9), substantially complies with the requirements of the pauper statute, 28 U.S.C. § 1915.

The case is now before the court for ruling on the plaintiff's IFP application and for initial review of the Amended Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. The plaintiff's IFP application substantially complies with these requirements and demonstrates that he lacks the funds to prepay the entire filing fee. His IFP application (Doc. No. 13) is therefore **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. *Id.* § 1915(b)(1)–(2).

Accordingly, the plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915

pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

A. Legal Standard

In cases filed by prisoners, the court must conduct an initial screening and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint" or any portion of it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also* 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Amended Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Amended Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024)

(quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

B. <u>Analysis of the Amended Complaint</u>

The plaintiff alleges that, upon moving from one building to another within the Davidson County Jail, his "very expensive" necklace was removed from his person and then stolen by either Sgt. Robertson or "Ms. Sgt. Roberson." (Doc. No. 6 at 4–5.) The only defendant he names is the DCSO, which he sues primarily for damages, seeking "$20,000.00 for the stolen necklace." (*Id.* at 5.)

The Amended Complaint does not specify the federal constitutional or statutory right that the plaintiff claims to have been violated by the DCSO. (*See* Doc. No. 6 at 3.) But because "[a] prisoner's claim arising from the loss of personal property is [only] actionable under 42 U.S.C. § 1983" if the prisoner alleges the denial of "due process safeguards guaranteed to him by state law," *Waller v. Transcor America, LLC*, No. 3:07-0171, 2007 WL 3023827, at *5 (M.D. Tenn. Oct. 11, 2007), the court will analyze the Amended Complaint against the DCSO under the Fourteenth Amendment. As explained below, the Amended Complaint fails to state a plausible claim that the plaintiff was deprived of Fourteenth Amendment rights when his personal property was lost or converted by DCSO personnel.

To begin with, a sheriff's office such as the DCSO is not a proper defendant in a suit under 42 U.S.C. § 1983. *See*, *e.g.*, *Taylor v. Harris*, No. 3:21-CV-00941, 2022 WL 56521, at *2 (M.D. Tenn. Jan. 5, 2022) (citing *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-cv-

0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases)). Moreover, even if a proper defendant could be named, the allegations of the Amended Complaint do not establish any plausible right to recovery—as a matter of federal due process—for the theft or loss of the plaintiff's necklace.

Due process *does* protect against the unlawful deprivation of a person's property by public officers. However, the Supreme Court has held that, where adequate post-deprivation remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). So, because the Amended Complaint before the court asserts the unlawful deprivation of property by state actors under Section 1983, the plaintiff must plead and prove the inadequacy of state post-deprivation remedies if he is to maintain a federal due process claim. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *see also Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Copeland* and requiring that plaintiff challenging county officials' refusal to return property "present[] evidence that existing state remedies were inadequate"). "That is," the plaintiff "must prove the inadequacy of state remedies as an element of [his] constitutional tort." *Rothhaupt v. Maiden*, 144 F. App'x 465, 472 (6th Cir. 2005) (quoting *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 588 (6th Cir. 2004)). The failure to do so is fatal to a Section 1983 claim for loss of personal property. *Copeland*, *supra*; *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

The Sixth Circuit has determined that a state-law cause of action for conversion would "generally satisfy the postdeprivation process requirement of the Due Process Clauses," *Van Oosterum*, 176 F.3d at 349, and has previously recognized the existence and adequacy of such a

remedy in Tennessee. *See Brooks*, 751 F.2d at 199 (finding that "the State of Tennessee has provided adequate procedures to assure the return of items either negligently or intentionally converted" or to recover damages for their loss); *see also Lankford v. City of Hendersonville*, No. M2016-02041-COA-R3-CV, 2018 WL 1559971, at *9 (Tenn. Ct. App. Mar. 29, 2018) (discussing remedies, including action for conversion, available when city police officers intentionally or negligently fail to return seized property not subject to forfeiture). The plaintiff does not allege that he attempted to seek a remedy in conversion or that the process for doing so is inadequate or unavailable. He merely asserts that he utilized the jail grievance procedure and "put a claim form in that got no[]where[,] [e]xcept to tell me my necklace wasn't in my property." (Doc. No. 6 at 7.) He concedes that did not seek relief in state court. (*Id.* at 9.) Because the plaintiff has not pled the inadequacy of state post-deprivation remedies, he has failed to state a viable Fourteenth Amendment claim based on the theft or loss of his personal property. Accordingly, the Amended Complaint must be dismissed.

## III. CONCLUSION

For the reasons given above, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment under Fed. R. Civ. P. 58(b)(1) and close the file.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge